**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MELISSA M. HAGER, | DOCKET NUMBER |
| Appellant, | PH-0752-22-0202-I-1 |
| v. | |
| SOCIAL SECURITY ADMINISTRATION, | DATE: August 20, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Melissa M. Hager, Jenkintown, Pennsylvania, pro se.

Jaymin Parekh and Julie Tong, Baltimore, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the effect of the Board's decisions in *Haas v. Department of Homeland Security*, 2022 MSPB 36, and *Hager v. Office of Personnel Management*, MSPB Docket No. PH-844E-23-0235-I-1, Initial Decision (Aug. 31, 2023), on the appellant's disability discrimination claim, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant has not shown that the administrative judge improperly denied her requested witnesses or motions to compel discovery.</u>

During the proceedings below, the appellant filed numerous discovery-related motions, including motions to subpoena witnesses, motions to compel production of documents, a motion for sanctions under Rule 37, a motion to suppress, and motions to compel interrogatories. Initial Appeal File (IAF), Tabs 26-27, 33-35, 37, 42-44. On August 15, 2022, the administrative judge issued a Discovery Order addressing in turn each of the appellant's motions, as well as the agency's own discovery-related motions. IAF, Tab 47. While we are mindful that the appellant was proceeding pro se at that time, we discern no abuse of discretion in the administrative judge's rulings, and the appellant has not provided any specific objections. *See Wagner v. Environmental Protection*

*Agency*, 54 M.S.P.R. 447, 452 (1992) (holding that the Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table).

Regarding the appellant's requests for witnesses, the appellant initially requested eight witnesses and further stated: "If the [administrative judge] feels these witnesses are unnecessary or irrelevant, [the appellant] will proceed without their expected testimony." IAF, Tab 51. At the prehearing conference, the appellant withdrew her request for two of her eight proposed witnesses, and the administrative judge sustained the agency's objections to the remaining six on grounds of relevance. IAF, Tab 56 at 9-10. We discern no abuse of discretion in that ruling. *See Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985) (holding that the administrative judge has wide discretion under the Board's regulations to exclude witnesses when it has not been shown that their testimony would be relevant, material, and nonrepetitious); 5 C.F.R. § 1201.41(b)(8), (10).[2]

The appellant has not shown that the administrative judge failed to accurately review her evidence.

In her petition for review, the appellant alleges in general terms that the administrative judge did not "accurately or entirely review[] all of [her] submitted statements and evidence," and that she made "several inaccurate statements in her initial decision . . . that prove she skimmed or misread [her] statements and evidence." Petition for Review (PFR) File, Tab 1 at 5, 7. More specifically, she argues that the administrative judge erred in finding it "inconceivable" that she did not recall sending and receiving 100 emails related to her private business over the course of 20 months. PFR File, Tab 1 at 8-9; *see* ID at 16. She also contends that the administrative judge erred in failing to credit her statement that she was on break at 6:22 a.m. on December 23, 2019, when one of those emails

---

[2] To the extent the appellant contends that the requested discovery and witness testimony would have yielded evidence concerning her disability and requests for accommodation, we find that further development of the record on those issues is unnecessary given the Board's subsequent decision in her disability retirement appeal.

was sent. PFR File, Tab 1 at 7-9; *see* ID at 13, 16. We discern no error in either finding, and the appellant's mere disagreement with the administrative judge's conclusions does not provide grounds for further review. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The appellant has not established her claim of disability discrimination.

The Board adjudicates claims of disability discrimination raised in connection with a removal action under the substantive standards of section 501 of the Rehabilitation Act. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28. The Rehabilitation Act has incorporated the standards of the Americans with Disabilities Act (ADA), as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA). *Id.* Therefore, we apply those standards here to determine if there has been a Rehabilitation Act violation. *Id.* In particular, the ADAAA provides that it is illegal for an employer to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12111(8). A qualified individual with a disability is one who can "perform the essential functions of the . . . position that such individual holds or desires," with or without reasonable accommodation. 42 U.S.C. § 12111(8). The Board has recently clarified that only a qualified individual with a disability is entitled to relief under the ADA for a claim of status-based discrimination or denial of reasonable accommodation. *Haas*, 2022 MSPB 36, ¶ 29.

While the petition for review in this case was pending, an administrative judge determined in a separate proceeding that the appellant was entitled to an award of disability retirement. *See Hager v. Office of Personnel Management*,

MSPB Docket No. PH-844E-23-0235-I-1, Initial Decision (Aug. 31, 2023).[3] In reaching that conclusion, he found that the appellant met her burden of showing that she was disabled from rendering useful and efficient service in her position prior to the effective date of her removal, and also that the agency was unable to accommodate her condition, either in her position or through reassignment to a less mentally demanding position. *Id*. Neither party filed a petition for review of that decision, which became the final decision of the Board on October 5, 2023. Consistent with our findings in that case, we conclude that the appellant has a disability but has not met her burden of showing that she is a qualified individual with a disability, i.e., one who is able to "perform the essential functions of the . . . position that such individual holds or desires,"[4] with or without reasonable accommodation. For this reason, she cannot prevail on her claim of disability discrimination. *See Haas*, 2022 MSPB 36, ¶ 29.

<u>The administrative judge did not err in deferring to the deciding official's penalty determination.</u>

The appellant further contends that, contrary to the initial decision, the removal penalty was excessive. When, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). In making that determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to ensure that

---

[3] On October 17, 2023, the appellant filed a motion to accept new evidence in her removal appeal, specifically, the first page of the Office of Personnel Management's decision approving her disability retirement application pursuant to the Board's order. PFR File, Tab 13. Because the new evidence would not materially affect the outcome, we deny the motion.

[4] The appellant has not identified an alternative position that she desires. *See Haas*, 2022 MSPB 36, ¶ 30.

management discretion has been properly exercised. *Campbell v. Department of the Army*, 123 M.S.P.R. 674, ¶ 25 (2016). The administrative judge found below that the deciding official considered the relevant *Douglas* factors and that the removal penalty is not outside the bounds of reasonableness, and we discern no error in her findings. Accordingly, we find that the administrative judge appropriately deferred to the agency's penalty determination.

NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.